UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON WILLIAMS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PILLPACK LLC,<br><br>Defendant. | NO.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Aaron Williams, individually and on behalf of others similarly situated, alleges the following against Defendant PillPack LLC.

## I. NATURE OF ACTION

1. On March 14, 2019 and April 10, 2019 Aaron Williams received a phone call on his cellular phone placed by or on behalf of PillPack LLC seeking to sell pharmacy refill services to him. PillPack LLC used an automatic telephone dialing system ("ATDS") and an artificial or prerecorded voice to make these calls.

2. Aaron Williams has not been a PillPack LLC customer at any time, and Aaron Williams did not consent to receive calls from PillPack LLC or its agents. Aaron Williams's telephone number is listed on the Do Not Call registry maintained by the Federal Trade Commission, and has been continuously listed there since October 5, 2010.

COMPLAINT—CLASS ACTION - 1

3. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331, because they present a federal question.

5. This Court has personal jurisdiction over PillPack LLC because it directed the calls that are the subject of this action to Plaintiff's cellular phone. Plaintiff's cellular phone uses a Washington area code and was, at all relevant times, located in Washington. PillPack LLC has its headquarters in and continuously and systematically conducts business in Washington, including within this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## III. PARTIES

7. Plaintiff Aaron Williams resides in Tumwater, Washington.

8. Defendant PillPack LLC is a Delaware corporation with headquarters at 410 Terry Avenue North, Seattle, Washington, 98109-5210. Defendant's center of operations for its pharmacy services business is located in Manchester, New Hampshire. The allegations in this Complaint as to acts and omissions by Defendant PillPack LLC shall be construed as allegations against the Defendant, whether such conduct was committed by Defendant directly, or through its agents or contractors.

## IV. FACTUAL ALLEGATIONS

**A. Defendant Made Non-Emergency Calls to the Cellular Phones of Plaintiff and Other Consumers Without Their Prior Express Written Consent.**

9. Plaintiff's telephone number, (XXX) XXX-1757, is assigned to a cellular telephone service. Plaintiff first acquired this cellular phone number prior to October 2010.

COMPLAINT—CLASS ACTION - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

10. Plaintiff has not been a PillPack LLC customer or subscriber at any time and never consented to receive calls from PillPack LLC.

11. On March 14, 2019, PillPack LLC called Plaintiff's cellular phone from the telephone number (206) 237-4313.

12. On April 10, 2019, PillPack LLC again called Plaintiff's cellular phone, this time from phone number (206) 237-4323.

13. Both calls Plaintiff received from PillPack LLC began with a pause, followed by what appeared to be an artificial intelligence system using an interactive voice recording, which asked Plaintiff whether he gets prescriptions or words to the same effect.

14. During the March 14, 2019 telephone call, after Plaintiff indicated he did get prescriptions, he was transferred to a live pharmacy sales representative. When Plaintiff requested the name and address of the caller, he was transferred to the customer service department, where an individual confirmed the caller was PillPack Pharmacy in Manchester, New Hampshire.

15. During the April 10, 2019 call, after Plaintiff indicated that he did get prescriptions, the caller attempted to transfer him to a live pharmacy representative, but no one was available to take his call and so the call was terminated.

16. PillPack LLC has been sued for calling behavior similar to the behavior described in this complaint, specifically for sending text messages in violation of the TCPA.

17. PillPack LLC is aware of the TCPA's prohibitions against the use of automatic dialing systems and artificial or prerecorded voices to make calls to cellular phones without the prior express written consent of the called party. Defendant therefore knowingly or willfully caused autodialed calls to be made to the cellular phones of Plaintiff and other consumers without their prior express written consent.

COMPLAINT—CLASS ACTION - 3

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

B.  **Defendant Used an ATDS or an Artificial or Pre-recorded Voice.**

18. Each time PillPack LLC called his cellular phone, PillPack LLC called Plaintiff using an ATDS. Plaintiff noted a pause before being connected to the call, which is characteristic of a call placed by an ATDS. Once he was connected, he interacted with an artificial or recorded telephone system, which is characteristic of a call placed by an ATDS.

19. PillPack LLC called Plaintiff using a prerecorded or artificial voice, as evidenced by the tone and cadence of the voice on the calls.

20. PillPack LLC is a wholly owned subsidiary of Amazon.com, Inc., which was acquired in 2018 for an estimated $1 billion. With approximately 40,000 customers as of 2017, the scale of PillPack LLC's business requires that it and its agents use a sophisticated dialing system capable of storing phone numbers and dialing them automatically, as well as delivering messages without requiring the involvement of human agents.

21. The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically call such numbers for the calls that are the subject of this case. The equipment generated, and then stored, a sequence of telephone numbers for calling, and then automatically called those numbers. The calls were part of a campaign that made numerous phone calls in a short period of time without human intervention.

C.  **Defendant's Violations of the TCPA Injured Plaintiff**.

22. During the relevant period, Plaintiff has carried his cellular phone with him at most times so that he can be available to family, friends, and his employer.

23. Defendant's calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

COMPLAINT—CLASS ACTION - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

24. Defendant's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls.

## V.  CLASS ACTION ALLEGATIONS

25. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following class:

> All persons or entities within the United States who received, on or after April 12, 2019, a non-emergency telephone call from or on behalf of PillPack, LLC, promoting goods or services:
>
> (i) to a cellular telephone number through the use of an automatic telephone dialing system or an artificial or prerecorded voice; or
>
> (ii) to a cellular or residential telephone number that has been registered on the national Do Not Call Registry for at least 31 days and who received more than one such call within any twelve-month period.

Plaintiff reserves the right to amend the class definition following an appropriate period of discovery.

26. Excluded from the Class are Defendant, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel.

27. Because auto-dialing equipment maintains records of each contact, members of the above-defined Class can be identified through Defendant's or its agents' records.

### Numerosity

28. At the time of filing, Plaintiff does not know the exact number of Class Members. But the number of PillPack LLC customers indicates that Class Members likely number in the hundreds or thousands, and are geographically disbursed throughout the country.

COMPLAINT—CLASS ACTION - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

29. The alleged size and geographic dispersal of the Class makes joinder of all Class Members impracticable.

**Commonality and Predominance**

30. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

    a. Whether Defendant's dialing system(s) constitute an ATDS under the TCPA;

    b. Whether Defendant used an ATDS to place non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express consent;

    c. Whether Defendant used an artificial or prerecorded voice in connection with the placement of non-emergency calls on the cellular telephones of Plaintiff and Class members without their prior express consent;

    d. Whether Defendant's "Avatar" based system constitutes an artificial or prerecorded voice;

    e. Whether Defendant placed calls to numbers on the National Do Not Call Registry;

    f. Whether Defendant's telephone calls were made knowingly or willfully;

    g. Whether Plaintiff and Class members were injured by receiving such calls; and

    h. Whether Defendant should be enjoined from engaging in such conduct in the future.

**Typicality**

31. Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class Members, has been injured by Defendant's uniform misconduct—the placement of calls

COMPLAINT—CLASS ACTION - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

to cellular telephones for non-emergency purposes without the prior written express consent of the called parties.

### Adequacy of Representation

32. Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

### Superiority

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Defendant to comply with federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

### VI. FIRST CLAIM FOR RELIEF

**Violation of § 227(b)(1) for calls made using an ATDS or artificial/prerecorded voice**

34. Defendant violated 47 U.S.C. § 227(b)(1) by placing non-emergency calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express written consent of the called party.

COMPLAINT—CLASS ACTION - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## VII. SECOND CLAIM FOR RELIEF

**Violation of § 227(c) for calls placed to numbers
listed on the Do Not Call Registry**

35.     Defendant violated 47 U.S.C. § 227(c) by placing, either directly or through the actions of others, more than one telephone solicitation call within a 12-month period to telephone numbers that have been listed on the national Do Not Call Registry for at least 31 days.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

A.     Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the Class defined above and appointing Plaintiff as the Class representative;

B.     Award $500 in statutory damages for each and every call that PillPack LLC negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C.     Award $1,500 in statutory damages for each and every call that PillPack LLC willfully or knowingly placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

D.     Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA; and

E.     Grant such further relief as the Court deems proper.

## IX. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

COMPLAINT—CLASS ACTION - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   RESPECTFULLY SUBMITTED AND DATED this 12th day of April, 2019.

2   TERRELL MARSHALL LAW GROUP PLLC

3   By: /s/ Beth E. Terrell, WSBA #26759
4       Beth E. Terrell, WSBA #26759
    Email: bterrell@terrellmarshall.com

5

6   By: /s/ Jennifer Rust Murray, WSBA #36983
    Jennifer Rust Murray, WSBA #36983
7       Email: jmurray@terrellmarshall.com

8   By: /s/ Adrienne D. McEntee, WSBA #34061
    Adrienne D. McEntee, WSBA #34061
9       Email: amcentee@terrellmarshall.com
    936 North 34th Street, Suite 300
10      Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
11

12  SMITH & DIETRICH LAW OFFICES PLLC

13  By: /s/ Walter M. Smith WSBA #46695
    Walter M. Smith, WSBA #46695
14      Email: walter@smithdietrich.com

15

16  By: /s/ Steve E. Dietrich, WSBA #21897
    Steve E. Dietrich, WSBA #21897
17      Email: steved@smithdietrich.com
    400 Union Avenue SE, Suite 200
18      Olympia, Washington 98501
    Telephone: (360) 918-7230
19

20  *Counsel for Plaintiff and the Proposed Class*

21

22

23

24

25

26

27

COMPLAINT—CLASS ACTION - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com