THE HONORABLE RONALD B. LEIGHTON

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9  AARON WILLIAMS, on behalf of himself and all
others similarly situated,

NO. 3:19-cv-05282-RBL

10                              Plaintiff,

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY**

11        vs.

12  PILLPACK LLC,

13

14                              Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY
Case No. 3:19-cv-05282-RBL

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION ...................................................................................................... 1

II.   BACKGROUND ........................................................................................................ 2

      A.   This case is primarily about PillPack's use of prerecorded voice calls
           to generate sales ............................................................................................ 2

      B.   Much of the costly discovery in the matter was done before Plaintiff
           filed his motion for class certification ................................................ 3

III.  ARGUMENT AND AUTHORITY ............................................................................ 4

      A.   A stay would not promote efficiency because both of Plaintiff's claims
           will move forward regardless of how the Supreme Court rules in the
           *Facebook* case ................................................................................................ 4

      B.   Plaintiff will be prejudiced if PillPack's untimely request for a stay is
           granted .............................................................................................................. 7

      C.   Ordinary costs of litigation do not establish hardship or inequity to
           PillPack .............................................................................................................. 8

IV.   CONCLUSION .......................................................................................................... 9

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY - i
CASE NO. 3:19-CV-05282-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**TABLE OF AUTHORITIES**

2

**Page No.**

3

**FEDERAL CASES**

4

5

*A.M. ex rel. Deora v. Bridgecrest Acceptance Corp.*,
   No. 4:20-cv-00553-SEP, 2020 WL 3489280 (E.D. Mo. June 26, 2020) ........................ 5, 6

6

7

*Ali v. Trump*,
   241 F. Supp. 3d 1147 (W.D. Wash. 2017) ...................................................................... 8

8

9

*Aquilar v. Ocwen Loan Serv. LLC*,
   289 F. Supp. 3d 1000 (D. Minn. 2018) ............................................................................ 6

10

*Clinton v. Jones*,
   520 U.S. 681 (1997) ........................................................................................................ 4

11

12

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
   498 F.3d 1059 (9th Cir. 2007) ........................................................................................ 4

13

14

*Doherty v. Comenity Capital Bank*,
   No. 16-cv-01321-H-BGS, 2017 WL 11421531 (S.D. Cal. Jul. 11, 2017) ........................ 5, 6

15

16

*Edwards v. Oportun, Inc.*,
   193 F. Supp. 3d 1096 (N.D. Cal. 2016) ............................................................................ 7

17

18

*Facebook Inc. v. Duguid*,
   Pet. for Writ of Cert., No. 19-511, 2019 WL 5390116 (U.S. filed Oct. 17, 2019) ............. 5

19

20

*Holcombe v. Credit Prot. Ass'n, LP*,
   44 F. Supp. 3d 1311 (M.D. Ga. 2014) .............................................................................. 5

21

22

*Johnson v. Comodo Grp., Inc.*,
   No. 16-4469 (SDW) (LDW), 2020 WL 525898 (D.N.J. Jan. 31, 2020) .............................. 5

23

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ..................................................................................................... 4, 7

24

25

*Lathrop v. Uber Techs., Inc.*,
   No. 14-CV-05678-JST, 2016 WL 97511 (N.D. Cal. Jan. 8, 2016) ...................................... 7

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Lockyer v. Mirant Corp.*,
        398 F.3d 1098 (9th Cir. 2005) .................................................................................. 4, 8

*Mendez v. Optio Sols., LLC*,
        239 F. Supp. 3d 1229 (S.D. Cal. 2017) ......................................................................... 6

*O'Hanlon v. 24 Hour Fitness USA, Inc.*,
        No. 15-cv-01821-BLF, 2016 WL 815357 (N.D. Cal. Mar. 2, 2016) ................................... 7

*Ontiveros v. Zamora*,
        No. CIV. S-08-567 LKK, 2013 WL 1785891 (E.D. Cal. Apr. 25, 2013) .............................. 7

*Sliwa v. Bright House Networks, LLC*,
        No. 2:16-cv-235-FtM-29MRM, 2016 WL 3901378 (M.D. Fla. Jul. 19, 2016) ................... 6

*Steiner v. Brookdale Senior Living, Inc.*,
        383 F. Supp. 3d 949 (N.D. Cal. 2019) ........................................................................... 6

*Volkswagen Grp. of Am., Inc. v. Saul Chevrolet, Inc.*,
        No. 515-cv-00505-ODW (SPX), 2015 WL 5680317 (C.D. Cal. Sept. 25, 2015) ................. 7

**FEDERAL STATUTES**

47 U.S.C. 227(a)(1) ................................................................................................................. 5

47 U.S.C. § 227(b)(1)(A) ...................................................................................................... 1, 5

47 U.S.C. § 227(c)(5) ........................................................................................................... 1, 6

**FEDERAL RULES**

47 C.F.R. § 64.1200(c)(2) ..................................................................................................... 1, 6

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
STAY - iii
CASE NO. 3:19-CV-05282-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**I.  INTRODUCTION**

2  PillPack waited to seek a stay until *three weeks after* the Supreme Court granted

3  certiorari in a case where the question presented is not dispositive of any claim in this case.

4  PillPack's motion for a stay pending the Supreme Court's resolution of *Facebook, Inc. v.*

5  *Duguid* should be denied because the decision will not dispose of either of the two claims in

6  this case. It should also be denied because PillPack waited until a week after Plaintiff filed his

7  motion for class certification and the day after PillPack took Plaintiff's deposition to seek a

8  stay. If PillPack is concerned about preserving resources, why did it wait so long to seek a

9  stay?

10  PillPack's representation to the Court that if the Supreme Court "rules in Facebook's

11  favor, some of Plaintiff's claims against PillPack will be subject to dismissal" (at 2), is false. The

12  question presented in *Facebook* concerns the definition of an automatic telephone dialing

13  system ("ATDS") under the Telephone Consumer Protection Act. Plaintiff has two claims in this

14  case. One is that PillPack called his cell phone using an ATDS *or an artificial or prerecorded*

15  *voice* and without his consent. 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff's primary theory on this

16  claim is that the calls were placed using an artificial or prerecorded voice. *See, e.g.*, Dkt. #29 at

17  1 ("The central and determinative issues in this case will be (1) whether the avatar technology

18  used to place the calls is an artificial or prerecorded voice"); *id.* 20 (section of class

19  certification brief arguing that whether the calls used a prerecorded voice is a common

20  question that predominates). If Plaintiff prevails on this theory, it will not matter whether the

21  calls were also placed using an ATDS.

22  Plaintiff's second claim is that his cellphone number was listed on the national do-not-

23  call registry when PillPack's agents called him without his consent. Use of an ATDS is not an

24  element of this claim. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). There is no way it could

25  be impacted by the Supreme Court's ruling in *Facebook*. PillPack's suggestion that the decision

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   in *Facebook* will determine whether Plaintiff's "claims" can survive summary judgment (Dkt.

2   #40 at 8) is simply wrong.

3   ## II.  BACKGROUND

4   **A.    This case is primarily about PillPack's use of prerecorded voice calls to generate
        sales.**

5

6       Plaintiff Aaron Williams filed this lawsuit after he received two prerecorded voice calls

7   promoting PillPack's "multipacking" pharmacy service. Dkt. #33 at ¶¶ 7-8. Plaintiff's central

8   contention is that the calls Prospects DM placed on PillPack's behalf were made using an

9   avatar that delivered a script using a prerecorded message. It is not true that Plaintiff claims

10  only "some" of the calls were made using this prerecorded voice technology. *See* Dkt. #40 at 7

11  n.2. According to PillPack, Plaintiff's expert Jeffrey Hansen opined that the more than 900,000

12  calls to cell phones placed using the ViciDial system did not involve a prerecorded voice. *Id.*

13  This is false. Mr. Hansen explained that the ViciDial system can use soundboard technology to

14  deliver prerecorded messages. Dkt. #30-10 at ¶ 36. Mr. Hansen opined that soundboard

15  technology plays a "series of prerecorded message[s]," that the ViciDial system can use

16  soundboard technology (as shown in Exhibit AL to his report), and that PillPack's vendors used

17  this functionality. *Id.*; *see also* Chandler Decl., Ex. 1.

18      This is not just Mr. Hansen's opinion. Joshua Grant, the President of Prospects DM—

19  the company that operated the dialer and placed the calls—testified that the calls for the

20  PillPack campaign were made using a prerecorded voice:

21

22

23

24  Dkt. #37-17 at ¶ 8.

25      A consultant who helped set up the PillPack campaign testified that by design, "the

26  calls placed in this campaign would be placed using a prerecorded voice system which is

27

sometimes described in the telemarketing industry as an Avatar or an IVR (interactive voice response) system." Dkt. #34 at ¶ 7; Chandler Decl. Ex. 2 (Anderson Dep. at 46:8-16).

The testimony of PillPack's employees and documents it produced in discovery confirm that the calling campaign delivered pre-recorded messages. PillPack's Rule 30(b)(6) designee testified that he understands that the campaign used "voice recordings that were managed by an agent that – to deliver a script." Dkt. #30-9 (Swindle Dep. at 71:10-12). PillPack designated the campaign an "IVR" campaign because there was "voice technology used" to make the calls. *Id.* at 148:8-10. An employee who managed the campaign described it as follows: "there would be a call that would be made out and they would have a prerecorded voice, prerecorded person, who would basically introduce whatever, introduce the service." Dkt. #30-23 at 90:21-24.

Mark Dorf, the president of Performance Media, exchanged emails with PillPack employees about the Avatar system used to make the calls. Dkt. #30-21, Dkt. #37-22. And Mr. Dorf supplied PillPack's VP of customer acquisition with 8 call records, all of which are plainly the same prerecorded voice and which Mr. Dorf characterized as "exactly as ordered" by PillPack. Dkt. #30-26.

**B.    Much of the costly discovery in the matter was done before Plaintiff filed his motion for class certification.**

This case has been on file for over a year. Dkt. #1. Much of the costly discovery in this matter is complete. PillPack has already produced thousands of documents and Plaintiff has produced hundreds. Chandler Decl. ¶ 3. Plaintiff has obtained documents and data from third parties through subpoenas, and is continuing to pursue data and other information about the calls from third parties. *Id.* ¶ 5. Plaintiff has deposed four PillPack employees, both parties have deposed third party Christina Anderson, and PillPack has deposed Plaintiff. *Id.* ¶ 6. Both parties have produced their expert reports and PillPack has deposed both of Plaintiff's experts. *Id.* ¶ 7.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    The parties are addressing discovery issues, in particular, PillPack has represented to

2    Plaintiff that it is in the process of gathering the call data and do-not-call list stored in its own

3    dialing system that it has yet to produce in this matter. *Id.* ¶ 4.

4    Plaintiff has already filed his motion for class certification (Dkt. #29), and PillPack's

5    response is due on August 21 (Dkt. #27).

6    ### III.  ARGUMENT AND AUTHORITY

7    This Court has the inherent power to issue a stay pending resolution of a separate

8    matter. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But a *Landis* stay should be granted

9    only "in rare circumstances." *Id.* at 255. The party seeking a stay "bears the burden of

10    establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The party seeking a stay must

11    "make out a clear case of hardship or inequity in being required to go forward, if there is even

12    a fair possibility that the stay" will damage the opposing party. *Landis*, 299 U.S. at 255;

13    *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

14    Courts must balance the competing interests that a grant or refusal of the stay will

15    affect. Among those competing interests are (a) "the possible damage which may result from

16    the granting of a stay"; (b) "the hardship or inequity which a party may suffer in being

17    required to go forward"; and (c) "the orderly course of justice measured in terms of the

18    simplifying or complicating of issues, proof, and questions of law which could be expected to

19    result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

20    **A.    A stay would not promote efficiency because both of Plaintiff's claims will move

21    forward regardless of how the Supreme Court rules in the *Facebook* case.**

22    Regardless of what the Supreme Court rules in the *Facebook* case about the definition

23    of an ATDS, it will not be dispositive here. Whether PillPack's agents used an ATDS is not an

24    element of Plaintiff's claim for national do-not-call registry violations and even if the dialing

25    system Prospects DM used to place the calls does not qualify as an ATDS, the parties will still

26    have to litigate whether they were made using a prerecorded or artificial voice to resolve

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Plaintiff's claim based on calls to cell phones. Based on the question presented, the *Facebook*

2  decision will provide no guidance on the central issues of whether the calls used a

3  prerecorded voice and whether PillPack is vicariously liable for the calls.

4      The TCPA defines an automatic telephone dialing system ("ATDS") as equipment which

5  has the capacity "to store or produce telephone numbers to be called, using a random or

6  sequential number generator" and "to dial such numbers." 47 U.S.C. 227(a)(1). The Supreme

7  Court granted certiorari in *Facebook*, to address whether this definition "encompasses any

8  device that can 'store' and 'automatically dial' telephone numbers, even if the device does not

9  'us[e] a random or sequential number generator.'" *Facebook Inc. v. Duguid*, Pet. for Writ of

10  Cert., No. 19-511, 2019 WL 5390116, at *ii (U.S. filed Oct. 17, 2019) (Question 2).

11      Plaintiff alleges PillPack's agents called him and other class members using both an

12  ATDS and an artificial or prerecorded voice. Thus, no matter how an ATDS is defined, the use

13  of an artificial or prerecorded voice gives rise to a separately actionable violation under the

14  TCPA, which prohibits certain robocalls "using any automatic telephone dialing system or an

15  artificial or prerecorded voice." 47 U.S.C. 227(b)(1)(A) (emphasis added). In addition to being

16  clear from the plain language of the statute, it is well established that a plaintiff "can state a

17  claim under the TCPA by alleging the use of (1) an 'artificial or prerecorded voice' *or* (2) an

18  ATDS." *Doherty v. Comenity Capital Bank*, No. 16-cv-01321-H-BGS, 2017 WL 11421531, at *2

19  (S.D. Cal. Jul. 11, 2017) (emphasis added); *see also Holcombe v. Credit Prot. Ass'n, LP*, 44 F.

20  Supp. 3d 1311, 1316 (M.D. Ga. 2014) ("From the plain text of the statute, each of these

21  violations is independently actionable"); *Johnson v. Comodo Grp., Inc.*, No. 16-4469 (SDW)

22  (LDW), 2020 WL 525898, at *8 (D.N.J. Jan. 31, 2020) (prerecorded message calls violate TCPA

23  whether the calls were answered or went to voicemail).

24      Courts have rejected requests for a stay pending decisions on the ATDS definition

25  when the plaintiff alleged receiving artificial or prerecorded voice calls. *See, e.g.*, *A.M. ex rel.*

26  *Deora v. Bridgecrest Acceptance Corp.*, No. 4:20-cv-00553-SEP, 2020 WL 3489280, at *3 (E.D.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Mo. June 26, 2020) (denying motion to stay pending Supreme Court's decision on petition for certiorari in *Facebook* where plaintiff claimed some calls made using a prerecorded voice); *Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1234 (S.D. Cal. 2017) (denying stay because "Plaintiff's TCPA claims are not limited to Defendant's use of an ATDS, but also concern Defendant's use of an artificial or prerecorded voice"); *Aquilar v. Ocwen Loan Serv. LLC*, 289 F. Supp. 3d 1000, 1009 (D. Minn. 2018) (denying stay pending *ACA International* decision because it would not address prerecorded voice calls); *Doherty*, 2017 WL 11421531, at *2 ("Thus, regardless of how the D.C. Circuit rules in *ACA* on the ATDS issue, Plaintiffs could proceed with their TCPA claims based on their allegations that Defendants used 'an artificial or prerecorded voice.'"); *Sliwa v. Bright House Networks, LLC*, No. 2:16-cv-235-FtM-29MRM, 2016 WL 3901378, at *4 (M.D. Fla. Jul. 19, 2016) (denying stay because "the appeal will not affect Plaintiff's contention that [defendant] called him using a prerecorded or automated voice"); *see also Jiminez v. Credit One Bank*, No. 19-4236 *et al.*, Dkt. 97 (2d Cir. July 22, 2020) (denying motion to stay appeal pending Supreme Court's decision in *Facebook*); *Steiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 955 (N.D. Cal. 2019) (rejecting stay pending appeal of arbitration ruling because discovery and class certification briefing would proceed even if some claims subject to arbitration). Plaintiff alleges he received unlawful prerecorded voice calls and has already put before the Court voluminous evidence that Prospects DM placed all calls for PillPack using prerecorded voice technology.

In addition, Plaintiff's claim based on national do-not-call registry violations does not require him to prove that the calls were placed using either an ATDS or prerecorded or artificial voice. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). The nature of claims in this case distinguish PillPack's authority. *See, e.g., Hoffman v. Jelly Belly Candy Co.*, No. 2:19-cv-01935-JAM, Dkt. #20 (E.D. Cal. June 26, 2020) (granting stay pending Supreme Court rulings in case where plaintiff received text but no claims involved use of a prerecorded voice or do-not-call registry violations).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.      Plaintiff will be prejudiced if PillPack's untimely request for a stay is granted.**

Plaintiffs in civil cases have "an interest in having their case resolved quickly." *Volkswagen Grp. of Am., Inc. v. Saul Chevrolet, Inc.*, No. 515-cv-00505-ODW (SPX), 2015 WL 5680317, at *4 (C.D. Cal. Sept. 25, 2015). "[U]nduly delaying a plaintiff's day in court constitutes a significant injury." *Ontiveros v. Zamora*, No. CIV. S-08-567 LKK, 2013 WL 1785891, at *5 (E.D. Cal. Apr. 25, 2013). In class actions, "the possible damage and prejudice to Plaintiff that may result from staying the case" is significant because a stay "would suspend for an indefinite period of time Plaintiff's opportunity—and the opportunity of the putative class—to vindicate their rights before [the] court." *O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-cv-01821-BLF, 2016 WL 815357, at *5 (N.D. Cal. Mar. 2, 2016).

The Supreme Court has already extended the time for the parties to file briefs in *Facebook*.[1] While PillPack claims that given its customary practices, the Court will decide *Facebook* during the October 2020 Term and issue a decision in late 2020, the Supreme Court has already pushed a dozen cases from the 2019 Term to the 2020 Term,[2] and the pandemic also may decrease the Court's ability to hear and decide a full slate of cases. If PillPack's requested stay is granted it may very well extend into next July.

The indefinite length of PillPack's requested stay presents a fair possibility of harm to Plaintiff. *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) ("[T]he Court concludes that there is a 'fair possibility of harm' to Plaintiff because the length of the stay is an indefinite one."); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (denying stay because "oral argument has not been scheduled" and neither the parties nor the court "can forecast" when a decision will ultimately issue); *see also Landis*, 299 U.S. at 257 ("The stay is immoderate and hence unlawful unless so framed in its

---

[1] The docket for *Duguid v. Facebook, Inc.*, No. 19-511, is available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19-511.html.
[2] *See* https://www.supremecourt.gov/announcements/COVID-19_Guidance_April_17.pdf

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY - 7
CASE NO. 3:19-CV-05282-RBL

inception that its force will be spent within reasonable limits."); *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152–54 (W.D. Wash. 2017) (staying ruling on single motion—not entire case—where appellate ruling was expected to be issued quickly).

PillPack's requested stay may last a year or more. And because PillPack decided to wait until after Plaintiff filed his motion for class certification and after PillPack deposed Plaintiff, PillPack's counsel can use as much of the delay as it likes to craft a response to Plaintiff's already filed motion. It can do so secure in the knowledge that the work will not go to waste because the case will proceed regardless of what the Supreme Court rules in *Facebook*. The question of whether the dialers used to place calls on PillPack's behalf are autodialers within the meaning of the TCPA is a paradigmatic merits issue amenable to a class-wide resolution in any case, so there is no reason to delay the Court's decision on the threshold question of class certification until after the *Facebook* ruling.

Finally, Plaintiff is continuing to pursue data and other information about the calls from third parties. If a stay is entered as to those third parties, their documents, or their data may disappear before it is lifted. At a minimum, Plaintiff requests that any stay permit him to complete third party discovery already initiated and require PillPack to complete the supplemental productions it has already agreed to make.

**C.   Ordinary costs of litigation do not establish hardship or inequity to PillPack.**

"Being required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 938 F.3d at 1112. Yet the cost of continuing to defend the suit is the only hardship PillPack has identified (at 10-11). This asserted hardship rings particularly hollow given that PillPack is owned by Amazon.com, one of the nation's richest companies. PillPack fails to articulate how its arguments concerning vicarious liability might depend on any particular definition of an ATDS, and thus a stay would only delay, not obviate PillPack's need to move for summary judgment if it plans to challenge its vicarious liability for the unlawful calls here, *see* Dkt. #40 at 2:18-20. In addition, pressing

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    pause in the midst of the data and document collection and review that PillPack has said it is

2    already doing will likely increase costs. Stopping a document review midstream only to pick it

3    up over a year later is highly inefficient.

4         PillPack's bizarre suggestion that the resources Plaintiff will expend to continue

5    prosecuting the case should be factored into the hardship PillPack will face absent a stay (*id.*

6    at 10:25-26), should be dismissed out of hand. PillPack's argument based on the costs of

7    notice if the class is certified (*id.* at 11), fares no better because those costs would be borne by

8    Plaintiff. Equally baseless its PillPack's assertion that class members might be confused if they

9    receive notice of a certified class but a subsequent ruling results in them losing on the merits

10   of one claim. No class member's claim will turn only on the ATDS definition because, as

11   Plaintiff's evidence supports, PillPack's agents not only placed calls using an ATDS, but those

12   calls themselves delivered prerecorded messages. Furthermore, an adverse outcome on the

13   merits is a possibility in all class actions because class certification is not intended to be a

14   ruling on the merits of a class's claims. Speculation about class member confusion, even if

15   correct, does not establish any hardship or inequity to *PillPack* absent a stay.

16                              **IV.   CONCLUSION**

17         Plaintiff respectfully requests the Court deny PillPack's motion for a lengthy stay

18   pending the Supreme Court's ruling in a case that will not be dispositive of either of the two

19   claims in this action.

20

21

22

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
STAY - 9
CASE NO. 3:19-CV-05282-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   RESPECTFULLY SUBMITTED AND DATED this 10th day of August, 2020.

2                                   TERRELL MARSHALL LAW GROUP PLLC

3
                                    By: /s/ Blythe H. Chandler, WSBA #43387
4                                       Beth E. Terrell, WSBA #26759
                                        Email: bterrell@terrellmarshall.com
5                                       Jennifer Rust Murray, WSBA #36983
6                                       Email: jmurray@terrellmarshall.com
                                        Adrienne D. McEntee, WSBA #34061
7                                       Email: amcentee@terrellmarshall.com
                                        Blythe H. Chandler, WSBA #43387
8                                       Email: bchandler@terrellmarshall.com
9                                       936 North 34th Street, Suite 300
                                        Seattle, Washington 98103-8869
10                                      Telephone: (206) 816-6603

11
                                        Walter M. Smith, WSBA #46695
12                                      Email: walter@smithdietrich.com
                                        Steve E. Dietrich, WSBA #21897
13                                      Email: steved@smithdietrich.com
                                        SMITH & DIETRICH LAW OFFICES PLLC
14                                      3905 Martin Way East, Suite F
15                                      Olympia, Washington 98506
                                        Telephone: (360) 915-6952
16

17                                      Anthony I. Paronich, *Admitted Pro Hac Vice*
                                        Email: anthony@paronichlaw.com
18                                      PARONICH LAW, P.C.
                                        350 Lincoln Street, Suite 2400
19                                      Hingham, Massachusetts 02043
20                                      Telephone: (617) 485-0018
                                        Facsimile: (508) 318-8100
21

22                                      *Attorneys for Plaintiff and the Proposed Class*

23

24

25

26

27

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
STAY - 10
CASE NO. 3:19-CV-05282-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

1

2      I, Blythe H. Chandler, hereby certify that on August 10, 2020, I electronically filed the

3  foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4  such filing to the following:

5

6      Kenneth E. Payson, WSBA #26369
       Email: kenpayson@dwt.com
7      Lauren B. Rainwater, WSBA #43625
       Email: laurenrainwater@dwt.com
8      Sara A. Fairchild, WSBA #54419
       Email: sarafairchild@dwt.com
9      DAVIS WRIGHT TREMAINE LLP
       920 Fifth Avenue, Suite 3300
10     Seattle, Washington 98104-1610
       Telephone: (206) 622-3150
11     Facsimile: (206) 757-7700

12

13     *Attorneys for Defendant*

14     DATED this 10th day of August, 2020.

15                     TERRELL MARSHALL LAW GROUP PLLC

16
                       By:   /s/ Blythe H. Chandler, WSBA #43387
17                           Blythe H. Chandler, WSBA #43387
                             Email: bchandler@terrellmarshall.com
18                           936 North 34th Street, Suite 300
                             Seattle, Washington 98103
19                           Telephone: (206) 816-6603
                             Facsimile: (206) 319-5450
20
21                     *Attorneys for Plaintiff and the Proposed Class*

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com