UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AARON WILLIAMS,

              Plaintiff,

  v.

PILLPACK LLC,

              Defendant.

C19-5282 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion to seal certain documents, docket no. 57, is GRANTED. The following documents shall remain under seal: (i) the redacted portion of Defendant's Response to the Motion to Certify Class, *see* docket no. 60; (ii) Exhibit 15 to the Declaration of Sara Fairchild, *see* docket no. 61; (iii) Exhibit B to the Declaration of Craig Davis, *see* docket no. 65; and (iv) the redacted portions of the Declaration of Mason Reid and Exhibit A attached thereto, *see* docket no. 68.

(2) Plaintiff's motion to file certain documents and to unseal certain documents, docket no. 99, is GRANTED in part and DENIED in part. The following documents shall remain under seal: (i) the unredacted version of Plaintiff's Response to the Motion for Summary Judgment, docket no. 101; (ii) the unredacted versions of Exhibit 7 (docket no. 102), Exhibit 8 (docket no. 103), and Exhibit 12 (docket no. 104); and (iii) the unredacted version of the contract between Defendant and Performance Media ("Contract"), docket nos. 37-13 and 37-15. *See* Order (docket no. 56). After redacting any payment terms referenced in the Contracts and other confidential information described in Defendant's response to this motion, *see* docket no. 106, Plaintiff may refile in open court (i) a redacted version of Plaintiff's Response to the Motion for Summary Judgment; (ii) a redacted Contract, *see* docket no. 37-13; and (iii) a

MINUTE ORDER - 1

redacted draft Contract, *see* docket no. 37-15.  All redactions must comply with the limitations described in Defendant's response, docket no. 106.

(3) Defendant's Motion for Summary Judgment, docket no. 82, is DENIED. There are genuine issues of fact material to whether Defendant may be held liable for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b)(1), 227(c).  *See* Fed. R. Civ. P. 56(a).  Defendant does not challenge the sufficiency of evidence demonstrating that the calls made to Plaintiff violated the TCPA.[1]  Rather, Defendant argues that it cannot be held liable for those calls, which were made by a third party.  Although Defendant did not directly place the unlawful calls, as Plaintiff concedes, the Court concludes that Plaintiff's evidence raises genuine disputes of fact on whether Defendant gave actual authorization, express or implied, to Performance Media to allow a third party to make unlawful calls on Defendant's behalf.  *See Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018) ("Actual authority is limited to actions 'specifically mentioned to be done in a written or oral communication' or 'consistent with' a principal's general statement of what the agent is supposed to do."). Specifically, Plaintiff submitted declaration and deposition testimony of Christina Anderson, who introduced Defendant to Performance Media, its purported agent ("Agent"),[2] resulting in the Agent running a telephone marketing campaign for Defendant.  Anderson Decl. at ¶¶ 4–5, 8 (docket no. 34).  Anderson testified that she "was on several telephone calls with" one of Defendant's employees and the Agent; and during those calls, the Agent notified Defendant's employee that the telemarketing campaign "would be placed using a prerecorded voice system" (i.e., an "avatar" or an "interactive voice response") and that a third party "would be placing the calls."  *Id.* at ¶ 7.  Anderson further testified that on one of those calls, the Agent even introduced Defendant's employee to the third party.  Anderson Dep. (docket no. 98-4 at 16–18).

Anderson's testimony is also sufficient to raise genuine disputes of fact material to whether Defendant "ratified" the third party's unlawful calls, particularly whether Defendant had actual knowledge of the third party's placement of calls using a prerecorded voice system.  *Kristensen v. Credit Payment Servs., Inc.*, 879 F.3d 1010, 1014–15 (9th Cir. 2018).  At minimum, Anderson's testimony creates factual disputes about whether Defendant had "knowledge of facts that would have led a reasonable person to investigate further," including whether Plaintiff and the other called parties

---

[1] The Court assumes for the purposes of this motion that the calls at issue violated the TCPA.

[2] Although Defendant disputes that the third party was its agent, it does not appear to dispute that Performance Media was its Agent, with which it contracted to execute the telemarking campaign, despite Contract language to the contrary.  *See* Motion for Summary Judgment (docket no. 82 at 8, 18, 25).  The Court therefore assumes for purposes of this motion that Performance Media was Defendant's Agent.

MINUTE ORDER - 2

expressly consented to being called using a prerecorded voice system.  *Id.*; *see* 47 U.S.C. § 227(b)(1)(A).

      Defendant denies any knowledge of the third party, pointing to its employee's declaration testimony that he "never understood" that the Agent "operat[ed] a separate entity" or that the third party "would be placing the calls."  Reply (docket no. 105 at 6) (citing Hunt Decl. (docket no. 63)).  Defendant's evidence merely creates factual disputes about who participated in those calls, what was said, and what each participant understood.  Defendant also argues that the express terms of its Contract with the Agent, which required the Agent to comply with the TCPA and all applicable laws, precludes any "actual authority" theory.  Motion for Summary Judgment (docket no. 82 at 18–19).  Anderson's testimony, however, is sufficient to contradict the Contract's limitation on the Agent's authority.  *See Jones*, 887 F.3d at 449.  Triable issues of fact remain on whether Plaintiff can prevail on his TCPA claims under § 227(b)(1) and § 227(c).

      (4)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

      Dated this 7th day of January, 2021.

William M. McCool  
Clerk

s/Gail Glass  
Deputy Clerk

MINUTE ORDER - 3