UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON WILLIAMS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>PILLPACK, LLC,<br><br>　　　　　　　　Defendant. | CASE NO. 19-5282 RJB<br><br>ORDER ON DEFENDANT PILLPACK LLC'S MOTION TO SEAL |

This matter comes before the Court on Defendant PillPack, LLC's ("PillPack") Motion to Seal. Dkt. 185. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**FACTS**

In this class action, the Plaintiffs allege that PillPack violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. §227 *et. seq.* Dkt. 6. The class was certified on February 12, 2021. Dkt. 140.

Plaintiffs now move to modify the class definition. Dkt. 178. PillPack filed a response and, in the instant motion, move to seal certain documents and deposition transcripts filed in

ORDER ON DEFENDANT PILLPACK LLC'S MOTION TO SEAL - 1

support of their response. Dkt. 185. The deposition transcripts and some of the documents were from entities who are not parties to this case, Fluent, Inc. ("Fluent"), Citadel Marketing Group ("Citadel"), and Byte Success Marketing LLC ("Byte"). *Id.* PillPack points out in this motion that it is not the entity seeking to keep some of these items under seal. *Id.* Some of the items sought to remain under seal were designated as "confidential" by either Fluent, Citadel, or Byte and were provided, at least in part, under a stipulated protective order. *Id.* Counsel for each of these non-parties were served with a copy of this motion. Dkt. 185, at 6-7. The Plaintiffs respond and agree that the motion to seal is appropriate as to some of the documents filed (those that contain personal identifying information) and oppose the motion as to the deposition testimony and some of the documents provided by Byte. Dkt. 202.

For the reasons provided below, the motion (Dkt. 185) should be granted, in part, and denied, in part.

**DISCUSSION**

Western District of Wash. Local Civ. R. ("Local Rule") 5(g) provides, "[t]here is a strong presumption of public access to the court's files. This rule applies in all instances where a party seeks to overcome the policy and the presumption by filing a document under seal." Local Rule 5(g)(3)(B) requires that a motion to seal include: "(i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." Local Rule 5(g)(3)(B) additionally provides, in part,

> Where parties have entered a litigation agreement or stipulated protective order . . . governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

ORDER ON DEFENDANT PILLPACK LLC'S MOTION TO SEAL - 2

The "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)(*internal quotations and citations omitted*). "The party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.*, at 1178–79.

The following documents are sought to be remain under seal:

(1) the unredacted Declaration of Eric A. Franz (Dkt. 192, 1-12);

(2) Exhibit A to Franz Declaration (Dkt. 192, at 14);

(3) Exhibit E to Franz Declaration (Dkt. 192, at 16-42)(Rule 30(b)(6))(deposition of Jeff Richard for non-party Fluent)(designated as "confidential" by Fluent pursuant to a stipulated protective order);

(4) Exhibit H to Franz Declaration (Dkt. 192, at 44-73)(Rule 30(b)(6) deposition of David Andras for non-party Citadel)( designated as "confidential" by Citadel pursuant to a stipulated protective order);

(5) Exhibit P to Franz Declaration (Dkt. 192, at 75-103)(emails and call statistics from non-party Byte)(designated as "confidential" by Byte pursuant to a stipulated protective order);

(6) Exhibit Q to Franz Declaration (Dkt. 192, at 105);

(7) Exhibit R to Franz Declaration (Dkt. 192, at 107-113)(service contract between non-party Byte and another entity as well as emails from and to non-party Byte)(designated as "confidential" by Byte pursuant to a stipulated protective order); and

(8) Exhibits A, B, C, D, E, F, and G to the Declaration of Kimberly Spicer (Dkt. 190, at 1-15).

Dkt. 185.

PillPack's motion to seal (Dkt. 185) should be granted to as to the unredacted Declaration of Eric A. Franz (Dkt. 192, 1-12); Exhibit A to Franz Declaration (Dkt. 192, at 14); Exhibit Q to Franz Declaration (Dkt. 192, at 105); and Exhibits A, B, C, D, E, F, and G to the Declaration of Kimberly Spicer (Dkt. 190, at 1-15).  PillPack has provided "compelling reasons" to keep these pleadings under seal.  *Kamakana,* at 1178.  Each of these documents contain personally identifying information, including names, addresses, phone numbers.  PillPack has shown that (i) there are legitimate private and public interests in keeping these pleadings under seal, (ii) the individuals whose information is in these documents may suffer privacy invasions if they are not kept under seal, and (iii) there is not a less restrictive alternative to keeping these documents under seal.  Accordingly, these documents should remain under seal.  This ruling applies only to the present motion and may be reassessed at a later stage in the case.

PillPack's motion to seal (Dkt. 185) should be denied as to:  Exhibit E to Franz Declaration (Dkt. 192, at 16-42)(Rule 30(b)(6)(deposition of Jeff Richard for non-party Fluent); Exhibit H to Franz Declaration (Dkt. 192, at 44-73)(Rule 30(b)(6) deposition of David Andras for non-party Citadel); Exhibit P to Franz Declaration (Dkt. 192, at 75-103)(emails and call statistics from non-party Byte); and Exhibit R to Franz Declaration (Dkt. 192, at 107-113)(service contract between non-party Byte and another entity as well as emails from and to non-party Byte).

At this point, no reason, much less a "compelling reason," to keep these documents under seal has been provided.  *Kamakana,* at 1178.  The parties who designated the information as "confidential" failed to respond to the motion despite having notice and an opportunity to be

heard. Local Rule 5(g)(3)(B).  Exhibits E, H, P and R to the Franz Declaration should not remain under seal.

The Court is unable to unseal portions of a document in the court's filing system CM/ECF.  Due to PillPack's decision to file all the documents together under seal in one entry in CM/ECF (Dkt. 192), PillPack should be ordered to refile Exhibit E to Franz Declaration (Dkt. 192, at 16-42); Exhibit H to Franz Declaration (Dkt. 192, at 44-73); Exhibit P to Franz Declaration (Dkt. 192, at 75-103); and Exhibit R to Franz Declaration (Dkt. 192, at 107-113). These documents should be refiled by October 29, 2021.

## I.   ORDER

Therefore, it is hereby **ORDERED** that:

- PillPack's Motion to Seal (Dkt. 185) **IS**:
- **DENIED** as to: Exhibit E to Franz Declaration (Dkt. 192, at 16-42); Exhibit H to Franz Declaration (Dkt. 192, at 44-73); Exhibit P to Franz Declaration (Dkt. 192, at 75-103); and Exhibit R to Franz Declaration (Dkt. 192, at 107-113);
    - **By October 29, 2021**, PillPack **SHALL** refile Exhibit E to Franz Declaration (Dkt. 192, at 16-42); Exhibit H to Franz Declaration (Dkt. 192, at 44-73); Exhibit P to Franz Declaration (Dkt. 192, at 75-103); and Exhibit R to Franz Declaration (Dkt. 192, at 107-113); and
- **GRANTED** in all other respects.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 26th day of October, 2021.

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT PILLPACK LLC'S MOTION TO SEAL - 6