UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON WILLIAMS, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>PILLPACK LLC,<br><br>　　　　　　　　Defendant. | CASE NO. 3:19-cv-05282-DGE<br><br>ORDER GRANTING IN PART PLAINTFF'S MOTION TO APPROVE NOTICE PLAN (DKT. NO. 262) |

## I　　INTRODUCTION

This matter comes before the Court on Plaintiff Aaron Williams's ("Mr. Williams") motion to approve his proposed class notice plan (Dkt. No. 262). For the reasons discussed herein, the Court GRANTS in part Mr. Williams's motion to approve notice plan.[1]

---

[1] Defendant PillPack LLC ("PillPack") has filed a motion to seal (Dkt. No. 271) certain exhibits accompanying their response to Mr. Williams's motion. The Court agrees that the exhibits are replete with personally identifiable information that could not be easily redacted and GRANTS PillPack's motion to seal.

ORDER GRANTING IN PART PLAINTFF'S MOTION TO APPROVE NOTICE PLAN (DKT. NO. 262) - 1

## II   DISCUSSION

### A. PillPack's Motion to Strike Azari Declaration

The Court first addresses PillPack's motion to strike the declaration and opinions of Cameron Azari. (Dkt. No. 267 at 10.) Mr. Azari presents himself to the Court as an "expert in the field of legal notice" and his declaration offers several opinions on the quality of Mr. Williams's notice plan. (See Dkt. No. 264 at 1.) Mr. Azari opines that "the proposed Notice Plan is designed to reach the greatest practicable number of Class members through the use of individual notice and supplemental media." (*Id.* at 8.) Defendant argues that Plaintiff failed to disclose Mr. Azari as an expert and failed to provide an expert report from him and as such his declaration is untimely. (Dkt No. 267 at 10.)

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose expert witnesses they intend to call as witnesses at trial to offer expert opinions. *See* Fed. R. Civ. P. 26(a)(2). Mr. Williams has confirmed that "Mr. Azari will not testify at trial. His only role is to develop and administer a notice plan." (Dkt. No. 275 at 5.) The Court agrees with Mr. Williams that disclosure in this context is unnecessary. *See Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2020 WL 7042871, at *2 (N.D. Cal. Dec. 1, 2020) (overruling a similar objection to a declaration from Mr. Azari "since Rule 26 and the case schedule apply to trial and not to notice."). The Court DENIES PillPack's motion to strike.

### B. Legal Standard for Class Action Notice

Due process, and the Federal Rules of Civil Procedure, require that unnamed plaintiffs in a class action lawsuit receive "notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel. . . . The notice should describe the action and the plaintiffs' rights in it." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

Additionally, class members must be given an opportunity to remove themselves from the class. *Id.*

Federal Rule of Civil Procedure 23(c)(2)(B) specifically provides that "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* The notice must clearly state:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* The Court ultimately "possess[es] broad discretion to shape such notice to comply with Rule 23." *Rosas v. Sarbanand Farms, LLC*, No. C18-0112-JCC, 2019 WL 859225, at *1 (W.D. Wash. Feb. 22, 2019); *see also Winters v. Two Towns Ciderhouse, Inc.*, No. 20-CV-00468-BAS-BGS, 2020 WL 5642754, at *5 (S.D. Cal. Sept. 22, 2020) ("[T]he mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process.").

### C. Plaintiff's Notice Plan

Mr. Williams moves the Court to approve "(1) Epiq Class Action & Claims Solutions Inc. (Epiq) to administer the notice program [to members of the class certified by the Court]; (2) forms of notice; and (3) a plan for sending notice of the class action to members of the Class their proposed notice plan to parties who may be part of the class certified by the Court on December 23, 2022." (Dkt. No. 262 at 5.)  Mr. Williams also offers the declaration of Mr. Azari in support of his proposed notice plan. (*See generally* Dkt. No. 264.)

      Mr. Williams proposes a multi-step notice plan whereby his claim administrator ("Epiq") will attempt to identify the email or physical mailing addresses of class members to provide individual notice. Epiq plans to use records produced by PillPack that identify telephone numbers of individuals who were transferred to PillPack as part of the Performance Media campaign ("Class List"). (Dkt. No. 262 at 9.) Specifically, Epiq proposes sharing the phone numbers or other contact information identified in the Class List with Transunion, a third party consumer credit reporting agency, so that Transunion may identify potential class members' names, emails, or physical mailing addresses using reverse lookup. (*Id.*; *see also* Dkt. No. 264 at 8–9.)) Epiq will first attempt to contact class members via email. (Dkt. No. 262 at 7.) Where an email is unavailable or is returned as undeliverable, Epiq will send a postcard to known addresses via U.S. mail. (Dkt. No. 264 at 9.) Where the Class List and the reverse lookup process provide inconsistent results, Epiq will either send an email to all emails identified in the Class List and through reverse lookup or will send a postcard notification in the event no emails are available. (Dkt. No. 276 at 3.) In addition to these direct forms of outreach, Epiq will also use digital banner advertising, a national press release, and will maintain a neutral case website to provide information to potential class members. (Dkt. No. 262 at 11.)

### D. Adequacy of Notice Plan

      PillPack objects to Mr. Williams's proposed notice plan because "(1) the reverse lookup process is an inaccurate and unreliable methodology to identify class members; and (2) Plaintiff's proposed process lacks steps to verify the accuracy of the reverse lookup results and will result in notice being sent to an over- and under-inclusive list of individuals." (Dkt. No. 267 at 12.) PillPack argues the reverse lookup process is unreliable and Mr. Williams's proposed notice plan will be both over and underinclusive of potential class members. (*See id.* at 12–14.)

PillPack points, for example, to Transunion's own admission to PillPack's counsel that the company's "'data is sometimes entered poorly, processed incorrectly, and generally not free from defect. TLO Products should not be relied upon as accurate.'" (Dkt. No. 270 at 2.) Additionally, PillPack argues that Mr. Williams's proposed notice plan "lacks any steps to verify the accuracy of the reverse lookup results and fails to explain how deficiencies in the reverse lookup process would be corrected." (Dkt. No. 267 at 14.) PillPack does not suggest any alternatives to the notice plan proposed by Mr. Williams.

The Court agrees that Plaintiff's notice plan is largely reasonable and will provide the best notice as is practicable to class members. Despite PillPack's protestations, the Court has found on multiple occasions that the reverse lookup process is an adequate starting point to provide notice to class members. (Dkt. Nos. 140 at 14; 259 at 15.) The Court sees no compelling reason to overturn its prior findings.

While the Court recognizes the reverse lookup process may not yield perfect results, that is not the standard for class notice. Rather, the Court is directed to provide "the best notice **that is practicable under the circumstances**, including individual notice to all members who can be identified **through reasonable effort**." Fed. R. Civ. P. 23(c)(2)(B) (emphasis added). "[T]he word 'reasonable' cannot be ignored. In every case, reasonableness is a function of anticipated results, costs, and amount involved. A burdensome search through records that may prove not to contain any of the information sought clearly should not be required." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1099 (5th Cir. 1977). Ultimately, "[d]ue process does not require actual notice or actual receipt for every class member. And the Court's analysis does not focus on the rate of actual notice received by class members." *LaVigne v. First Cmty. Bancshares, Inc.*, 330 F.R.D. 293, 296 (D.N.M. 2019) (internal citation omitted); *see also Mullins v. Direct*

*Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) ("While actual individual notice may be the ideal, due process does not always require it.").

There is ample support for the use of reverse lookup procedures in providing individual notice to class members in TCPA cases. *See, e.g.*, *Hand v. Beach Ent. Kc, LLC*, No. 4:18-CV-00668, 2021 WL 199729, at *3 (W.D. Mo. Jan. 19, 2021) ("Even if the reverse look-up results in some people receiving notice who are not class members, overbreadth does not require Hand to proffer a different notice plan."); *Chinitz*, 2020 WL 7042871, at *3; *LaVigne*, 330 F.R.D. at 296. The Court also notes that PillPack does not put forward an alternative method of notification that is preferable to the one proposed by Mr. Williams. *See LaVigne*, 330 F.R.D. at 297 (approving a class notice plan in the absence of an alternate proposal from the defendants).

Nonetheless, the Court acknowledges that the current procedure to provide notice to class members may be overinclusive and exercises its considerable discretion to modify in part the proposed notice plan. Where the Class List and reverse lookup process provide conflicting names of class plaintiffs or where the reverse lookup process itself produces conflicting or multiple names, the Court DIRECTS that Mr. Williams subpoena the relevant wireless carriers to determine, if possible, the identity of the owner of the telephone number at the time the call was transferred to PillPack and to provide notice only to those individuals. To the extent such efforts fail to identify a single individual associated with a phone number on the class list, Epiq may then either email or physically mail notice to multiple individuals. The Court otherwise APPROVES Mr. Williams's class notice plan.

### E. Objections to Language of Notices

PillPack objects to the language of several sections of the various notices proposed by Mr. Williams and proposes alternate language to reflect the certified class more accurately.

(Dkt. No. 267 at 16.)  The Court agrees with Mr. Williams that PillPack's proposed revisions to the notice language would cause more confusion than clarity as class members are unlikely to be familiar with Performance Media.  Notice to class members should be "clearly and concisely state in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).  The Court OVERRULES PillPack's objections to the language of the various notices proposed by Mr. Williams.

### F. Objections to Website Domain Name

PillPack objects to the use of its name in a domain name for a website where class members can go to obtain more information about the instant lawsuit.  (Dkt. No. 267 at 16.)  The Court agrees with Mr. Williams that "[t]he inclusion of a defendant's name in the URL for a website where class members can obtain additional information is in the Federal Judicial Council's model class notice and is therefore not improper." *Keim v. ADF Midatlantic, LLC*, No. 12-80577-CIV, 2019 WL 8262656, at *2 (S.D. Fla. Feb. 1, 2019).  PillPack cites no authority to the contrary.  While PillPack notes that it "could lose customers who discover the website through searching online for PillPack's services and read about Plaintiff's accusations against PillPack," (Dkt. No. 267 at 16), PillPack offers no reason why the use of PillPack's name in the class action website domain name alone is more prejudicial than the numerous news articles that exist about this lawsuit.  Mr. Williams expresses a legitimate concern that the use of a generic domain name may lead to class notification being identified as spam.  The Court OVERRULES PillPack's objection.

### III  CONCLUSION

Accordingly, and having considered Mr. Williams's motion (Dkt. No. 262), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that the motion to approve notice plan is GRANTED in part.

1. PillPack's motion to strike Mr. Azari's declaration (Dkt. No. 267 at 10) is DENIED.
2. The Court APPROVES Mr. Williams's notice plan but directs Mr. Williams to conduct additional diligence by subpoenaing the relevant wireless carriers as outlined in Section II.D. of this order.
3. PillPack's motion to seal (Dkt. No. 271) is GRANTED.

Dated this 20th day of March, 2023.



David G. Estudillo
United States District Judge