1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11   AARON WILLIAMS,                          CASE NO. 3:19-cv-05282-DGE

12                        Plaintiffs,          ORDER ON MOTION TO
                                               ENFORCE SUBPOENA DUCES
           v.                                  TECUM DIRECTED TO T-
13                                             MOBILE USA, INC
     PILLPACK LLC,                             (DKT. NO. 290)
14
                        Defendant.
15

16        This matter comes before the Court on Plaintiff Aaron Williams' unopposed Motion to

17   Enforce Subpoena Duces Tecum directed to T-Mobile USA, Inc. (Dkt. No. 290.)

18        The Court has considered Plaintiff's Motion, the Declaration of Blythe H. Chandler in

19   support of Plaintiff's motion and the other pleadings and papers in this matter and GRANTS

20   Plaintiff's motion as follows:

21        California's Public Utilities Code permits wireless carriers to produce subscriber

22   information in response to a court order.  Cal. Pub. Util. Code §§ 2891(a)(4), 2894(a); *see also*

23   *Lee v. Global Tel*Link Corp.*, 2017 WL 11272587, at *4 (C.D. Cal. Dec. 6, 2017); *Hoagland v.*

24

ORDER ON MOTION TO ENFORCE SUBPOENA DUCES TECUM DIRECTED TO T-MOBILE USA, INC
(DKT. NO. 290) - 1

1     *Axos Bank*, 2021 WL 5326479, at *1 (S.D. Cal. Nov. 16, 2021) ("California law permits the

2     production of subscriber information pursuant to a court order.").  Pursuant to this authority, the

3     Court ORDERS T-Mobile to produce the California subscriber information Plaintiff seeks in his

4     subpoena.

5           Delaware's Stored Communications Act permits telephone companies to provide

6     subscriber information pursuant to a court order.  11 Del. Code Ann. § 2427(d)(1); see also *Lee*,

7     2017 WL 11272587, at *8.  Pursuant to this authority, the Court ORDERS T-Mobile to produce

8     the Delaware subscriber information Plaintiff seeks in his subpoena.

9           Pennsylvania law permits disclosure of subscriber information pursuant to a court order

10    only if the subscriber receives notice from the party seeking the record and is given an

11    opportunity to be heard. 18 Pa.C.S.A. § 5742(c.1)(2); *Lee*, 2017 WL 11272587, at *6.  Notice

12    may be provided to subscribers by a third-party class action administrator before subscriber

13    information may be provided to counsel for a proposed or certified class.  *See Kelly v. Verizon*

14    *Penn., LLC*, 2017 WL 11549625, at *9 (E.D. Pa. Aug. 8, 2017); *Lee v. Global Tel*Link Corp.*,

15    2018 WL 11008970, at *1 (C.D. Cal. Jan. 16, 2018) (*Lee II*).  The court in the underlying action

16    already has approved the class notice.  Therefore, the Court ORDERS T-Mobile to provide

17    Pennsylvania subscriber information to the approved notice administrator, Epiq Class Action &

18    Claims Solutions, Inc.  Epiq shall provide to Pennsylvania subscribers both the class notice and

19    the notice required under Pennsylvania law that is substantially similar to the notice attached as

20    Exhibit 6 to the Chandler Declaration in support of this motion.

21           The Court further ORDERS that in searching and providing the subscriber information

22    described in the subpoena (the "Subpoenaed Information"), T-Mobile need not provide email

23    addresses or search pre-paid accounts.  T-Mobile shall provide a data compilation in a *.csv or

24

Excel format spreadsheet format reflecting the name and billing address for each subscriber of T-Mobile phone services whose phone number appears on the list provided, for the date ranges associated with each phone number, to T-Mobile by Plaintiff's counsel.

The Court ORDERS that the Subpoenaed Information shall be maintained as "Confidential" in accordance with the Protective Order entered in the underlying action.  The Subpoenaed Information may be used only for purposes of determining class membership and providing notice to the class in the underlying action, and must be destroyed upon written request of T-Mobile, or in any event no later than three years after the date of the final disposition of this case.  Upon written request from T-Mobile, Plaintiff shall confirm to T-Mobile and its counsel, in writing, when the destruction of all Subpoenaed Information is completed.

Finally, the Court ORDERS Plaintiff to pay T-Mobile's actual costs associated with production, up to $3,500.

Dated this 28th day of June, 2023.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO ENFORCE SUBPOENA DUCES TECUM DIRECTED TO T-MOBILE USA, INC
(DKT. NO. 290) - 3