UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON WILLIAMS,<br><br>                Plaintiff,<br>    v.<br><br>PILLPACK LLC,<br><br>                Defendant. | CASE NO. 3:19-cv-05282-DGE<br><br>ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 317) |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Aaron Williams' motion for reconsideration (Dkt. No. 317) of the Court's oral ruling on his motion to compel discovery (Dkt. No. 316). For the reasons discussed below, the Court GRANTS the motion for reconsideration.

## II. BACKGROUND

On August 23, 2023, Plaintiff filed a motion to compel, urging the Court to order PillPack to produce customer contact information for 7,385 telephone numbers on the class list. (Dkt. No. 299.) On October 5, 2023, the Court ruled that names and contact information were

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 317) - 1

1  not protected healthcare information and granted the motion to compel in an oral ruling, subject

2  to the notice requirements in Paragraph 8 of the parties' stipulated protective order.  (Dkt. No.

3  316; *see also* Dkt. No. 13).

4      On October 19, 2023, Plaintiff filed the instant motion for reconsideration.  (Dkt. No.

5  317.)  By minute orders, the Court sought a partial response from PillPack (Dkt. No. 321), which

6  PillPack filed on December 11, 2023 (Dkt. No. 322), and a partial reply from Plaintiff (Dkt. No.

7  324), which Plaintiff filed on December 27, 2023 (Dkt. No. 325).

8      **III.**    **LEGAL STANDARD**

9      Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored and will

10  ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or

11  legal authority which could not have been brought to the attention of the court earlier, through

12  reasonable diligence.  LCR 7(h)(1).  Reconsideration is an "extraordinary remedy, to be used

13  sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v.*

14  *Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

15      "[A] motion for reconsideration should not be granted, absent highly unusual

16  circumstances, unless the district court is presented with newly discovered evidence, committed

17  clear error, or if there is an intervening change in the controlling law."  *Marlyn Natraceuticals,*

18  *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Whether or not to

19  grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v.*

20  *Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

21      **IV.**    **DISCUSSION**

22      The stipulated protective order prescribes certain notice requirements "[i]n the event that

23  a party is required, by a valid discovery request, to produce a non-party's confidential

24

1  information in its possession, <u>and</u> the party is subject to an agreement with the non-party not to
2  produce the non-party's confidential information[.]" (Dkt. No. 13 at 8) (emphasis added).  As
3  used in the protective order, "confidential" information includes "current and former street
4  addresses for natural persons, social security numbers, telephone numbers, email addresses,
5  [etcetera]." (*Id*. at 2.)  At issue is whether PillPack is subject to an agreement with the owners of
6  the 7,385 telephone numbers not to produce their names and contact information.
7       Plaintiff argues Defendants have shown no evidence the second criterion—that PillPack
8  had an agreement with the callers not to produce their confidential information, i.e., names and
9  contact information—exists.  PillPack responds that its Terms of Use and Notice of Privacy
10 Practice (together, "Privacy Policies") bind those users who signed up online, as those users
11 agreed to the Privacy Policies during the online signup process.  PillPack asserts these Privacy
12 Policies provide multiple assurances to users that PillPack will not disclose their information.
13 First, it notes the Privacy Policies state PillPack is "committed to maintaining your privacy and
14 we take our responsibility for safeguarding your Protected Health Information very
15 seriously." (Dkt. No. 322 at 3.)  Second, PillPack states the Notice of Privacy Practices says,
16 "Any other uses and disclosures of Protected Health Information that are not mentioned above
17 will be made only with your written authorization." (*Id*.)  Third, PillPack asserts the Notice of
18 Privacy Practices comports with California disclosure law and says, "We remove any
19 information that identifies you from the information we share with these parties using one of two
20 methods permitted by HIPAA." (*Id*.)
21       It is unclear that the people whom PillPack called and who provided their contact
22 information are "users" in the purported agreements PillPack puts forth.  There is no evidence
23 the people who provided their contact information did anything more than give their contact
24

information to PillPack; that is, there is no evidence they ever bought products from PillPack or otherwise used its services.  Moreover, the agreements PillPack discusses involve online signups where users explicitly agreed to the Privacy Policies during the signup process.  PillPack fails to establish that any of the owners of the 7,385 telephone numbers at issue utilized the online signup process or otherwise were informed their information was bound by the same Privacy Policies.

Even if the users had utilized the online signed-up process, the Court finds the Privacy Policies cover protected healthcare information, which under the circumstances would not include the name and contact information of these 7,385 telephone numbers. (Dkt. No. 316 at 32) ("When you look at [the] context, it is hard for anybody to truly identify [that] the simple identification of a name, address, and telephone number actually directly relate to their particular health care.  I don't believe it does under the context and circumstances presented.").  Because PillPack's Privacy Policies only cover protected healthcare information, and not name and contact information, they are not agreements subject to paragraph 8 of the stipulated protective order.  For the same reasons, PillPack's reliance on the language relating to California's disclosure law is inapposite.

## V. CONCLUSION

Accordingly, having reviewed the motion for reconsideration and the remainder of the record, the Court hereby GRANTS Plaintiff's motion for reconsideration.  The Court ORDERS Defendant produce the names and contact information at issue within five (5) days of this order's entry, without any further notice requirements.

Dated this 4th day of January 2024.

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 317) - 4

David G. Estudillo
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION (DKT. NO. 317) - 5